WILLIAM T. McDANIEL, Plaintiff, v. JOHN HARRIS, Defendant and Respondent; W. J. BARD, Interpleader and Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. CHATTEL MORTGAGES—ACKNOWLEDGMENT OF—CONSTRUCTION OF SECTION 2503 AND SECTION 676, REVISED STATUTES.—Section 2503, Revised Statutes, provides that "no mortgage * * * of personal property, hereafter made, shall be valid * * * unless the mortgage * * * be acknowledged, or proved, and recorded in the county in which the mortgageor or grantor resides in such manner as conveyances of land are, by law, directed to be acknowledged or proved and recorded." Section 676, Revised Statutes, provides that acknowledgment of deeds to real estate shall be taken before "some justice of the peace of the county in which the real estate conveyed or affected is situated." Held, that the proper construction of the statute is that, as a conveyance of real estate, when acknowledged before a justice of the peace, is to be acknowledged before one residing in the county, so a chattel mortgage must be acknowledged (if by a justice) before a justice residing in the county where the chattels are situated.

2. —— "SITUATION" OF PERSONAL PROPERTY—DOMICIL OF OWNER—CASE ADJUDGED.—Although all movables are supposed to be in the place of the domicil of the owner, and their situs is that of the owner's domicil, yet regard is had to the actual situs of personal property, as distinguished from the owner's domicil, in some cases. If one be temporarily abroad, he may transfer such personal property as accompanies his person, wherever he may be, so it be not done in violation of the laws of the country where the act is done. This is an enlargement of the rule required for the convenience of commerce. Held, that, as the property in this case comes under this rule, in its enlargement, the acknowledgment, in the locality of sale, is sufficient.

APPEAL from Cass Circuit Court, HON. CHARLES W. SLOAN, Judge.

*Reversed and remanded.*

VOL. xxvii—35

The case and facts are stated in the opinion of the court.

Railey & Burney, for the appellant.

I.   The mortgage ·offered in evidence was duly executed, acknowledged, and recorded, and should have been admitted in evidence. 1 Rev. Stat., sects. 2503, 680, 681, 676; *Bevans v. Bolton,* 31 Mo. 437; Jones on Chattel Mortgages, sects. 250–261. Revised Statutes, section 2503, provides that "no mortgage or· deed of trust of personal property, hereafter made, shall be valid * * * unless the mortgage or deed of trust be acknowledged or proved, and recorded in the county in which the mortgageor or grantor resides, in such manner as conveyances of· land are, by law, directed to be acknowledged or proved and recorded." Defendant would so construe this language as to make it mean that the mortgage must be acknowledged and proved in the county in which the grantor resides, as well as recorded therein. But a careful reading of it is enough to convince any one that it will bear no such interpretation. It means that they are to be "recorded in the county in which the mortgageor or grantor resides, in such manner as conveyances of lands are, by law, directed to be " recorded, and that they are to be "acknowledged or proved in such manner as conveyances of land are, by law, directed to be acknowledged or proved." Now, applying the language of this statute to the facts in this case, do we not find an exact compliance with its letter and spirit? The mortgage was recorded in Cass county, where defendant contends that Harris, the grantor, resided, and it was also recorded in Bates county, where he was. beginning to remove. The manner of acknowledging and proving conveyances of real estate ·is set forth in sections 680, 681, and 682 of the statutes. All the things therein directed to be done were done in this case, literally and exactly. But it is argued by defend-

ant that, because section 676 provides that acknowledgments of real property may be taken "before some justice of the peace of the county in which the real estate conveyed or affected is situated," that, therefore, the acknowledgment of a mortgage must also, if taken before a justice of the peace, be taken by one who resides in the county where the grantor resides. This seems to us clearly a *non sequitur*. The analogy would be carried out with precision if we should construe the statute to mean that a mortgage may be acknowledged or proved before some justice of the peace of the county in which the property is situated. This is the logical and reasonable construction of the statute. The justice can take acknowledgments of grantors to conveyances of property, real or personal, if situated in his county, and it matters not to him where the grantor or grantee may reside. This is a literal compliance with the terms of the statute, and ought to be sufficient. If the acknowledgment is properly taken, and is valid when taken, it should be, and is, entitled to record wherever the law may direct it to be recorded. We have seen that section 2503 directs it to be recorded in the county where the grantor resides, and this direction was complied with in the case at bar.

II. About $385.90 of the debt due the interpleader was for the purchase price of the mules in controversy. The court should, therefore, have declared his rights and interest therein, and subjected the said property to the payment of the purchase price thereof before allowing it to be taken and sold, or placed beyond his reach by a creditor. 1 Rev. Stat., sect. 2353; *Parker v. Rodes*, 79 Mo. 88; *The Bolckow Mill Co. v. Turner, Frazier & Co.*, 23 Mo. App. 103. In the case at bar the interpleader, a vendor, has a debt due from Harris, payable December 28, 1887, for the purchase money of certain property, and McDaniel, a creditor of Harris, has attached the said property, and, unless prevented, he will subject it to the payment of his debt and place it beyond

the reach of the vendor. The law (section 2353) gives the vendor of personal property the right to subject it to the payment of the unpaid purchase money as against all persons, except "innocent purchasers, for value, without notice of such prior claim for purchase money." The defendant, being a creditor merely, does not come within the terms of this exception. *Bolckow Mill Co. v. Turner, supra*. The spirit and meaning of the law, as decided by this court in the case above quoted from, applied to this case, affords the interpleader the remedy asked for by him. If he could have attached the property after defendant's attachment was levied thereon, and then postponed the lien of the latter to his claim for purchase money, there is no reason why he could not interplead, as in this case, there being no ground for attachment, and postpone the defendant's attachment to his claim for purchase money.

III. The conversations between McDaniel and Harris, in the absence of the interpleader, which the court admitted in evidence, were hearsay and inadmissible. These were statements of Harris, the debtor, to defendant, in the absence of plaintiff, the substance of which was that Harris owed nothing to plaintiff on the mules, and that they were fully paid for. That it was not competent as against this plaintiff is a proposition so elementary that no authorities need be cited in its support.

George Bird, with Wm. J. Terrell, for the respondent.

I. The *situs* of chattels personal in the county in which the mortgageor resides is in strict analogy with the law for assessment for taxation. Rev. Stat., sect. 6685, as amended by Stat. 1881, p. 178; Cooley on Taxation, [1 Ed.] 269; *Kirtland v. Hotchkiss*, 100 U. S. 499.

II. The express terms of the statute required that this chattel mortgage should have been acknowledged

as well as recorded in the county of Cass, where the mort-gageor resided; and not having been so acknowledged, was, by the terms of the statute, void, except between the parties. This statute changed the common law and must be strictly construed. Rev. Stat., sects. 2503, 676, pp. 419, 111; *White v. Graves*, 68 Mo. 218, 223; Jones Chattel Mortgage, sects. 248, 250, 251; *Frank v. Miner*, 50 Ill. 444, 447; *Boyd v. Beck*, 29 Ala. 703; *McDowell v. Stewart*, 83 Ill. 538. A chattel mortgage acknowledged before a justice of the peace of a county other than the one in which the mortgageor resides, imparts no notice to third parties. 1 Rev. Stat., sect. 2503, p. 419; 1 Rev. Stat., sect. 676, p. 111; *White v. Graves*, 68 Mo. 218, 223; *Bishop v. Schneider*, 46 Mo. 473; *Selking v. Hebel*, 1 Mo. App. 340.

III. A defective or false certificate of acknowledgment renders invalid the mortgage and the property is subject to be levied on and sold by a creditor. Jones Chat. Mort., sect. 248, *supra; Frank v. Miner*, *supra; McDowell v. Stewart*, *supra; Bishop v. Schneider*, 46 Mo. 472; *Selking v. Hebel*, 1 Mo. App. 340.

IV. The construction given by appellant to section 2503 (*supra*), makes the statute an instrument of fraud instead of a guard against frauds, as intended. No creditor could be presumed to take notice of a mortgage made by John Harris, of Homer township, Bates county, Missouri, and acknowledged before a justice of the peace of that county, as describing property owned by John H. Harris, of Cass county, Missouri, and was no notice. *Selking v. Hebel*, *supra*. It cannot be said that the statute (to secure the vendor of personal property) confers upon the vendor a lien for the purchase price thereof. *Bolckow Mill Co. v. Turner*, 23 Mo. App. 108. And the extent and object of it is to enable the vendor "to subject it, by execution on a judgment against the purchaser for the purchase price thereof, to the payment of said price." An interplea cannot take

the place of judgment and execution—it is not even a legal process. *Saunders v. Ohlhausen*, 51 Mo. 163, 165. In the case at bar there was neither possession nor right of possession and would cause a misjoinder of parties. *Parker v. Rodes*, 79 Mo. 91.

V. The alleged error in the admission of the declaration of Harris at the time of renting the land did not prejudice the interpleader. The only purpose of the evidence being to show the good faith on which defendant acted, and being the declaration of the party in possession of the property, was a part of the transaction and admissible. *Kingsland v. Drum*, 80 Mo. 646, 648, and cases cited.

ELLISON, J.—On December 28, 1886, John Harris was indebted to interpleader, and for security gave him a chattel mortgage on four mules, two wagons, two sets of harness, and a cow.

At that date Harris was a resident of Cass county, and having previously rented a farm in Bates county, that day moved two loads of goods thereto, using the mules, wagons, and harness described in the mortgage and in controversy here. Interpleader Bard met Harris there and Harris gave him the chattel mortgage referred to. The parties and the property, except the cow, were in Bates county; and they drove over to a neighboring justice of the peace of the same county, who, at their request, wrote out and took the grantor's acknowledgment to the mortgage. It was afterwards duly recorded in Bates county on the thirtieth of December, 1886, and in Cass county on January 8, 1887. The grantor, Harris, was then in Bates county with the property for the purpose of removing his goods to the farm in that county which he had rented, and to which he expected to remove his family. The defendant herein, McDaniel, thereafter sued out a writ of attachment against said Harris, and, on the eleventh day of January, 1887, had the property herein in controversy

levied upon thereunder. W. J. Bard afterward filed his interplea therein claiming the property. At the trial the court excluded and refused to consider in evidence the chattel mortgage, found against interpleader, and he appeals.

The objection made to the mortgage and the ground upon which it was excluded, was, that it was acknowledged before a justice of the peace of a county not the residence of the mortgageor, the mortgageor residing in Cass and the justice in Bates county. The objection is based upon sections 2503 and 676, Revised Statutes.

I. Section 2503 provides that "no mortgage, or deed of trust of personal property, hereafter made, shall be valid * * * unless the mortgage or deed of trust be acknowledged or proved, and recorded in the county in which the mortgageor or grantor resides, in such manner as conveyances of land are, by law, directed to be acknowledged or proved and recorded." Section 676 provides that acknowledgments of deeds to real estate shall be taken before "some justice of the peace of the county in which the real estate conveyed or affected is situated." The proper construction of the statute is that, as a conveyance of real estate, when acknowledged before a justice of the peace, is to be acknowledged before one residing in the county where the land is situated, so a chattel mortgage must be acknowledged before a justice residing in the county where the chattels are situated. The language of section 2503 is, that the acknowledgment shall be taken "in such manner as conveyances of land are, by law, directed to be acknowledged," etc. This is the only section providing for an acknowledgment, and the words, "such manner," evidently refer to the same officers, who take acknowledgments of real conveyances, as well as to the mode of taking the acknowledgment.

II. But it is contended that the "situation" of personal property is the domicil of the owner. By a

fiction of law, adopted from motives of convenience, and the nature of the property, "all movables are supposed to be in the place of the domicil of the owner." Their *situs* is that of the owner's domicil. This is a rule which, with its exceptions, affords ground-work for much judicial discussion. But the fiction is overcome by the fact in many instances. Regard is had to the actual *situs* of personal property, as distinguished from the owner's domicil in cases of taxation. *State on petition of Taylor v. St. Louis County Court*, 47 Mo. 594. So its actual location will confer jurisdiction on courts ; it may be attached or seized by other sorts of jurisdictional process, though it be not found at the owner's domicil. While it is said by Story, in his Conflict of Laws (sect. 383), that the law of the owner's domicil should determine the validity of every transfer, whether it be *inter vivos* or *post mortem ;* yet, "it does not follow that a transfer made by the owner, according to the law of the place of its actual *situs*, would not as completely divest his title." Story Conflict of Laws, sect. 384. If one be temporarily abroad he may transfer such personal property as accompanies his person wherever he may be, so it be not done in violation of the laws of the country where the act is done. This is an enlargement of the rule, required for the convenience of commerce. "In the ordinary course of trade with foreign countries, no one thinks of transferring personal property according to the forms of his own domicil ; but it is transferred according to the forms prescribed by the law of the place where the sale takes place." Story Conflict of Laws, sect. 384. It was held in *Langworthy v. Little* (12 Cush. 109), that a citizen of Massachusetts, temporarily in New York, with certain personal property, may mortgage it in accordance with the laws of New York, and return with it to Massachusetts, and it will there be held good ; though not executed according to the Massachusetts law. See, also, *Clark v. Tarbell*, 58 N. H. 88.

If, then, personal property may acquire a *situs* apart from the domicil of the owner, for the purpose of taxation, attachment, etc. And if the fact of its accompanying the person of the owner away from his domicil will so far change its *situs* as to bring it within the operation of the law of the place where it may be, I am unable to comprehend why, when so accompanying him, its *situs* is not sufficient for an acknowledgment, under the statute. If the property attended by the owner is sufficiently "situated" at a different place than the owner's residence, for the purpose of sale, I think such situation ought to be considered ample to fulfill the meaning of the statute under consideration. If personal property should be actually in a county not the domicil of the owner, and its presence there not merely casual, and he should acknowledge a mortgage on such property before a justice of the peace of his own county, a different question would present itself, and upon which we express no opinion either way. In the case at bar, the owner, though domiciled in Cass, was with his property in Bates county, and while there with the property, he acknowledged the mortgage. I think it was a valid acknowledgment. I believe the evidence in the cause discloses that a cow included in the mortgage was not in Bates county, and as to this, under the views above set out, the mortgage would be invalid. Under the disposition we have made of the case, it is unnecessary to consider the other points urged by the interpleader.

The judgment is reversed and the cause is remanded. All concur.