THE CITY OF PLATTSBURG, Appellant, v. WILLIAM T.
CLAY, Respondent.

Kansas City Court of Appeals, November 23, 1896.

Municipal Corporations: FOURTH CLASS CITIES: TAXATION: SITUS
OF PERSONALTY. A city of the fourth class can tax only real and
personal property located within its corporate limits and can not tax
the cattle of one of its citizens kept on his farm outside the corporate
limits and not used in connection with his business in the city,
and the maxim *mobilia sequentur personam*, which is a mere fiction,
has no application in locating chattels for taxation.

*Appeal from the Clinton Circuit Court.*—HON. W. S.
HERNDON, Judge.

AFFIRMED.

*M. B. Riley* and *Witten & Hughes* for appellant.

(1) Under section 7531 of the general revenue
law, it was the duty of the assessor and the defendant
to make a list of all the personal property (including the
property in controversy) which he owned, and which
was situated in Clinton county. (2) There is no law
authorizing any other list to be made by anybody. (3)
Section 7555, Revised Statutes of 1889, requires the
assessor to make a "personal assessment book," in which
he shall enter the name of the taxpayer, and shall set
opposite to his name "the personal property owned by
him." (4) Section 7571 requires the assessor to make
out and deliver to the county court a copy of this
assessment book. (5) Cities of the fourth class have
no assessors; but the taxes are levied upon the assess-
ment made by the county assessor. Acts, 1891, pp. 61,
62. (6) This list thus made and certified constitutes

under the law the basis for taxation in the city.  It is furnished to the city council whose duty it is to establish by ordinance the rate of taxation, and the city clerk is required to extend the city taxes on the tax book upon this certified list.  (7)   There is no authority in the county assessor, the county clerk, the mayor, or the board of aldermen, to omit from this list any of the property listed therein.

*J. E. Bohart* and *Sandusky & Sandusky* for respondent.

(1)   The city of Plattsburg, by its charter was authorized to levy taxes only upon property within its limits.   Secs. 1588, 1603, 1604, R. S. Mo. 1889; Session Acts, 1891, p. 61; *Wells v. Weston*, 22 Mo. 384; Cooley on Taxation [1 Ed.], p. 209.   (2)   The property in controversy had acquired a *situs* without the limits of Plattsburg, and therefore the city had no authority to tax it.   *Corn v. City of Cameron*, 19 Mo. App. 573; Welty on Assessments, pp. 41, 77; *Vail's Executors v. Runion*, 12 Vroom, 98 (41 N. J. L.); *Mayor of Mobile v. Baldwin*, 57 Ala. 61; 29 Am. Rep. 715; *State on Petition Taylor, Adm'r, v. St. Louis Co. Court*, 47 Mo. 600; *City of St Louis v. Ferry Co.*, 40 Mo. 581; s. c. 11 Wall. 423; Burroughs on Taxation, p. 40; 22 Cen. Law Journal, p. 13; *Johnson v. Lexington*, 14 B. Mon. 648; *Covington v. Powell*, 2 Met. (Ky.) 226; *Louisville v. Henning*, 1 Bush. 381; *New Albany v. Meekin*, 3 Ind. 481; *Reiman v. Shepard*, 27 Ind. 288; Dillon on Municipal Corp. [2 Ed.], sec. 625, *et seq.*

GILL, J.—The sole question in this case is whether or not the city of Plattsburg can lawfully assess and collect from defendant Clay city taxes on account of certain cattle which the defendant raised, owned, and prepared for market at his farm in Clinton county, but

situated entirely outside the city limits. Defendant at the time resided within the city, conducted the farm by means of hired help, and the cattle were raised and held on his farm and were at no time kept in the city, nor in any manner connected with the defendant's business in said city. On an agreed statement of facts, the substance of which is here stated, the circuit court entered a judgment for defendant and the plaintiff appealed.

The judgment is clearly for the right party and will be affirmed. Plattsburg is a city of the fourth class, and has such, and only such, powers as are found in the statute for the government thereof. Art. 5, ch. 30, R. S. 1889. Under the provisions of this law, plaintiff's powers of taxation are limited to such property, real and personal, as may be located *within the corporate limits of said city*. Secs. 1588, 1603, 1604, R. S. 1889. It then only becomes necessary to determine the *situs* of the property sought to be taxed. In view of the facts agreed, was it within the corporate limits of Plattsburg? We think not. To sustain the affirmative of this question, plaintiff must rely on the rule expressed in the maxim *mobilia sequentur personam*. And while this old rule is applied in many cases, particularly in the descent and distribution of personal property, it is yet regarded as a mere fiction when it becomes necessary to locate chattels for the purposes of taxation. In such cases the fiction will yield to the true facts. Judge BLISS, in *State on Petition of Taylor v. St. Louis County Court*, 47 Mo. 594, uses this language, and which is quite pertinent to the case in hand:

"That the *situs* of personal property is the domicile of its owner is a fiction, though color is given to its truth by the law in relation to the distribution of personal estates. If a citizen and resident of St. Louis own a farm in Illinois, no one pretends that the farm

has any different location than if the owner lived upon it. But how with the cattle in its fields and stables, and the corn in its granaries? On what principle can they be said to belong to Missouri, so long as they are upon the farm? There is this difference—they can be removed to Missouri, while the farm can not; *but until removed, their situs* is the farm; they help to swell the wealth of the locality; they are protected by its laws and should be subject to its burdens."

Under the agreed case, the *situs* of these cattle of the defendant was not *within* the city of Plattsburg, but in Clinton county and *without* such city limits. The authorities, then, are uniform and overwhelming that such personal property is not subject to be taxed for municipal purposes. See cases cited in defendant's brief. Judgment affirmed. All concur.