STATE OF MISSOURI ex rel. W. R. WHITE, Collector of the City of Braymer, Respondent, v. ESTATE OF HENRY TIMBROOK, Deceased, I. M. TIMBROOK and GEORGE W. TIMBROOK, Executors, Appellants.

**Kansas City Court of Appeals, July 9, 1910.**

1. **TAXES: Situs of Personal Property.** In the absence of statutory regulation, the presumption is indulged that the situs of personal property is at the domicile of the owner, but this presumption gives way when it is shown that the personalty has an actual situs apart from such domicile of the owner.

2. ———: ———: **Statute.** By statute it is provided in this State that the situs of personal property at the time of the death of the owner continues to be its situs until his estate is closed. The removal of the property by the executors of the will of the deceased from the original situs to their own residence does not change the situs of the property, so far as concerns its liability to taxation.

3. ———: ———: ———. This rule applies to municipal as well as State taxes.

4. ———: ———. Municipalities are not permitted to collect taxes on property situated outside their corporate limits.

Appeal from Caldwell Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*Oscar L. Smith* for appellants.

*D. E. Adams* for respondent.

JOHNSON, J.—This suit was begun in the probate court of Caldwell county by the collector of the city of Braymer, a city of the fourth class, against the estate of Henry Timbrook, deceased, by the filing of two tax-bills as a demand against the estate. No formal plead-

ings were filed. A jury was waived in the circuit court where the cause was taken by appeal and judgment was rendered for plaintiff on both taxbills. . Defendants appealed. The principal facts of the case are stated in the judgment rendered by the court as follows:

"That the plaintiff is the collector of the city of Braymer, duly qualified and acting as such collector; that Henry Timbrook died, testate, in the county of Caldwell in the State of Missouri, on the —— day of September, 1905, and that at the time of his death the said Henry Timbrook was, and for some years theretofore had been, a resident of the city of Braymer in said county; that the defendants I. M. Timbrook and G. W. Timbrook are the legally appointed, qualified and acting executors of the estate of said Henry Timbrook, deceased, under proper authority of the probate court of Caldwell county, Missouri. The court finds that said estate has not paid taxes to the city of Braymer on the personal property belonging to said estate for the year 1906, based on the assessment of June 1, 1905, nor for the year 1907, based on the assessment of June 1, 1906, which said taxes are the subject-matter of this action; the court finds that the city of Braymer does not have a city assessor, and that said plaintiff obtained a list of taxpayers of said city for the years for which taxes are sued for herein, which lists stated the value of the property assessed against said taxpayers; that said lists were furnished and certified by the clerk of the county court of Caldwell county in the manner and form prescribed by law, and the assessment of taxes by the said city were duly made, and extended on its tax books in manner and form as prescribed by law, and that the estate of Henry Tinbrook was included in said lists and that the taxes against said estate were duly levied and extended in manner and form as prescribed by law. The court finds that the estate of Henry Timbrook was added

145 App—24

to the assessment books of Caldwell county for the said years on the second day of April, 1907, under and by authority of the acts of 1903, page 253, by the county board of equalization of Caldwell county, and the said board of equalization was at that time equalizing the assessment of said county for the years 1905 and 1906 for the taxes for the years 1906 and 1907, respectively. That said estate is the owner of the property so assessed and the same was in the control of said executors. The court finds that the assessed value of such property was reasonable, that the taxbills in evidence and sued on herein are just and legal demands and claims against the estate of Henry Timbrook in the hands of said executors."

A number of technical objections are urged by the defendants against the taxbills but there is only one we deem of sufficient merit to call for special notice. The personal estate consisted almost entirely of secured promissory notes and at the time of the death of Mr Timbrook, this property was at his residence in Braymer. Shortly afterward letters were issued to the executors, they removed the property from Braymer and Caldwell county and none of it was in Braymer when the assessments in dispute were made. The objection we shall discuss is that the removal of the property deprived the city of the right to assess it for taxation. Counsel for defendant argue: "One of the executors resides in Livingston county and the other in Carroll county. They took charge of all the personal property belonging to the estate in 1905, and moved it out of the city at that time and no part of it has ever been in the city since that time. It seems that plaintiff fixes the situs of the property when Henry Timbrook died, under the provisions of Sessions Acts 1903, page 255. But it is evident that such act does not apply to municipalities."

The rule is not disputed that municipalities are not permitted to collect taxes on property situated outside their corporate limits. [Corn v. City, 19 Mo. App. 573.]

The question of the place where personal property may be assessed for taxation has given rise to much perplexing litigation. In the absence of statutory regulations, the presumption is indulged that the situs of personal property is that of the domicile of the owner, but this presumption, it is said, must give way when the truth appears that the personalty has an actual situs apart from the domicile of the owner. [Corn v. City, supra.] Doubtless in the enactment of section 9121, Revised Statutes 1899 (amended, Laws 1903, p. 255), the Legislature was actuated by the purpose of providing a uniform and practical method of taxing such movable property and of preventing vexatious, wasteful and unnecessary litigation. We think the evident intent was to fix the situs of personal property for all the purposes of taxation, including taxation by municipalities. At the death of the testator, the legal as well as the real situs of his property was at Braymer, and we hold it could not be changed by the removal of the property by the executors during the administration of the estate. The domicile of the testator fixed the situs of his personalty during that period.

The judgment is affirmed. All concur.