STATE EX REL. GEORGE E. WAITE, Collector of the City of Webster Groves, Missouri, Appellant, v. BOATMEN'S NATIONAL BANK OF ST. LOUIS, a Corporation.—No. 38676.—175 S. W. (2d) 795.

Division One, December 6, 1943.

*John A. Nolan* for appellant.

*Lehmann & Allen* for respondent.

1236

DOUGLAS, J.—Jennie Higgins lived in Webster Groves, a city in St. Louis County. She died on August 25, 1935. The Boatmen's National Bank of the City of St. Louis was named executor of her will. It instituted probate proceedings in Clayton, another city in St. Louis County, the county seat. On June 1, 1936 the personal property in her estate was assessed for city taxes by the assessor of Webster Groves and a city tax of $186.35 was levied. The bank as executor refused to pay and the collector filed suit. A demurrer to his petition was sustained on May 10, 1943 and he appeals.

Webster Groves, being a city of the third class, is governed by Section 6925, R. S. 1939, which provides in such cities the city assessor and the county assessor shall jointly assess "all property in such city." The bank argues that since there was no property of the estate in Webster Groves the assessor had no authority to make the asssessment.

There are various well known doctrines which put the situs of personal property for the purpose of taxation at places which may be other than the actual situs. Section 6925 must be understood to include all property whose situs for taxation is in such city.

This propounds the question for decision. Where is the situs for taxation of personal property of a deceased's estate during the period of administration? For the purposes of this case all we need decide is whether it is at the former home of the decedent, Webster Groves, although the estate is being administered in Clayton and held in St. Louis. We are concerned with the question only as it arises between different governmental units within the same state. The rules governing the situs for taxation in controversies between different states are not apposite.

Section 10939, R. S. 1939 requires all personal property wherever situated to be assessed in the county where the owner resides. Section 10957 requires the county assessor to assess the personal property of estates under administration stating "such property hereby being declared to be subject to taxation in said county for all lawful purposes whatsoever, so long as the probate court thereof retains jurisdiction of such estate." The section further provides that for public school purposes the personalty of an estate shall be taxable by the school district in which deceased resided at the date of his death.

While the section makes no specific mention of city taxes we must give meaning to the declaration that an estate's personal property is

"subject to taxation in said county for all lawful purposes whatsoever." This is authority for the levy of city taxes on such property. The statute makes the former home of the deceased the situs for taxation for school purposes. Such is sufficient to establish the situs for other local taxes. It has previously been held to be so. In State ex rel. White v. Timbrook, 145 Mo. App. 368, 129 S. W. 1068, where the identical question was decided the court said: "We think the evident intent [of the statute] was to fix the situs of personal property for all purposes of taxation, including taxation by municipalities. At the death of the testator, the legal as well as the real situs of his property was at Braymer [where he resided], and we hold it could not be changed by the removal of the property by the executors during the administration of the estate. The domicile of the testator fixed the situs of his personalty during that period."

In Stephens v. The Mayor of the City of Boonville, 34 Mo. 323 the city was enjoined from levying city taxes against the personalty of an estate removed from the county into the [797] city, the county seat, for administration; the court suggesting for the purpose of taxation the situs of the property should be regarded as the domicile of the decedent. Speaking of this case in State on Petition of Taylor v. St. Louis County Court, 47 Mo. 594 we said the statute requiring personal property to be assessed at the domicile of the owner was sufficient to justify the above statement about the situs of property in a decedent's estate.

Such rule finds support in other jurisdictions. Either because of judicial interpretation or of statutory persuasion the courts of a number of states rule that the situs for taxation of personal property in a decedent's estate remains at the former domicile of decedent. Anno. 129 A. L. R. 279.

Under these authorities the petition should not have been dismissed. The order of dismissal must be set aside and the case heard on its merits.

Judgment reversed and cause remanded with directions to proceed accordingly. All concur.