# DELANEY, Appellant, v. POLICE COURT OF KANSAS CITY et al.

## In Banc, March 19, 1902.

1. **Appellate Jurisdiction:** PROHIBITION: CONSTITUTIONAL RIGHT. The Supreme Court has jurisdiction of an appeal from a judgment discharging a preliminary rule in prohibition, if the protection of the Constitution of this State or of the United States was invoked by appellant in the lower court and is alleged to have been denied him by that court.

2. **Jury Trial:** ORDINANCE: DEPOSIT OF JURY FEE. Where the ordinances prescribe that before defendant shall be entitled to trial by a jury on a charge of violating an ordinance, he shall deposit a sum sufficient to pay the fees of such jury, he can not have a jury trial until such fee is deposited.

3. **Ordinances:** REPEAL BY SUBSTITUTION: JURY TRIAL. Where the revised ordinances repeal "all ordinances and parts of ordinances of a general nature not herein contained," and provide for a trial before a police judge exclusively, for the violation of municipal police regulations, they thereby necessarily repeal a former ordinance which authorized a jury trial for such offenses, because it manifestly was not intended to leave in force two ordinances of a general nature on the same subject in positive conflict.

4. ———: ———: JURY TRIAL: POLICE COURT: DRUNKENNESS. The ordinances of Kansas City are reviewed and it is held that under said ordinances one charged with violating municipal police regulations against drunkenness and disorderly conduct on the street, is not thereby entitled to trial by jury.

5. ———: ———: "AS TRIALS BEFORE JUSTICE OF PEACE." The ordinance provides that "all cases triable before the police judge shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors. If the police judge shall find the defendant guilty, said judge shall fix the punishment according to law," etc. *Held*, that these words in reference to "trials before justices of the peace" do not entitle the accused violator of municipal ordinances to a jury trial.

6. ———: ———: CONSTITUTION. Neither the Constitution of Missouri nor that of the United States guarantees to a person charged with a violation of a mere municipal police regulation the right of trial by jury.

7. ———: ———: DUE PROCESS OF LAW: MEANING. The right of trial by jury is not guaranteed or involved in section 30 of article 2 of the Missouri Constitution or in the fourteenth amendment to the Federal Constitution, which prohibit any person to be deprived of life, liberty or property without due process of law. "Due process of law" does not necessarily mean a trial by jury. It simply means a day in court according to the practice provided for such cases, involving, of course, notice and an opportunity to be heard before judgment is pronounced. Violations of municipal police regulations are not crimes within the meaning of that term as used in the Constitution, but mere prosecutions for the recovery of a penalty, and these to be effective must be summary.

8. Prohibition: PURPOSE: WHERE AVAILABLE. The purpose of the writ of prohibition is to prevent a usurpation of jurisdiction. And a police court having exclusive jurisdiction to try cases for violation of municipal police regulations leveled at disorderly conduct and drunkenness on the street, the proper procedure, for one who conceives himself entitled to a trial by jury, which has been denied him, is not by prohibition against the police judge from proceeding to trial against the petitioner, but by appeal after judgment.

Appeal from Jackson Circuit Court.—*Hon. Roland Hughes,*
Special Judge.

AFFIRMED.

*John F. Delaney, pro se, John M. Parry* and *Shelley Grover* for appellant.

(1) "The terms of a special law are not ordinarily regarded as repealed by a later law of a general nature on the same subject. To thus effect a repeal such an intent must be clearly manifested in the latter." State ex rel. v. Frazier, 98 Mo. 429. "Repeals by implication are not favored or allowed unless the first act be so inconsistent as not to stand with the subsequent act." Glasgow v. Lindell's Heirs, 50 Mo. 60; State ex rel. v. Severance, 55 Mo. 378. (2) (a) Sec-

tions 598 and 584, Revised Ordinances, state that "any person violating, failing, neglecting, or refusing to comply with any provision, regulation or requirement of this chapter, shall be deemed guilty of a misdemeanor." The terms "crime," "offense," and "criminal offense," when used in this or any other statute shall be construed to mean any offense, as well misdemeanor as felony, for which any punishment, by imprisonment or fine, or both, may be by law inflicted. R. S. 1899, sec. 2396. The said word "crime" of itself includes every offense from the highest to the lowest, "misdemeanors" as well as treason and felony. Kentucky v. Dennison, 24 Howe 717. All crime less than felony is termed misdemeanor. Bishop's New Criminal Law, 382. The word "misdemeanor," in its usual acceptation, is applicable to all those crimes and offenses for which the law has not provided a particular name; and they may be punished according to the degree of the offense, by fine, or imprisonment, or both. A misdemeanor is, in truth, any crime less than felony; and the word is used in contradistinction to felony. Misdemeanors comprehend all indictable offenses which do not amount to felony, as perjury, battery, libels, conspiracies and public nuisances. Russell on Crimes (3 En. Ed.), 45. (b) Section 699, Revised Ordinances, states that "all cases triable before such judge shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors." Secs. 2769, 2770 and 2780, R. S. 1899. (c) Section 31, article 2 of the Constitution of Missouri, and the thirteenth amendment to the Constitution of the United States, each prohibit either slavery or involuntary servitude, except as a punishment for a crime whereof the party shall have been duly convicted. If these constitutional provisions amount to anything at all, then the condition of a citizen in a state of involuntary servitude should be an infallible sign that he had been guilty of a crime and had been "duly convicted." On her own admission Kansas City conducts a prison; imprisons citizens and compels them to work

for her, regardless of the Constitution of the United States and of the Constitution of Missouri, if they are not guilty of crime; and if they are guilty of crime, without due process of law, and without any protection at all. (3) The writ of prohibition may be issued when, having jurisdiction, the court has attempted to proceed by rules differing from those which ought to be preserved, or when, by the exercise of its jurisdiction, the inferior court would defeat a legal right. 3 Black Com., 112; 2 Bouv. L. D. 377; 2 Chitt. Pr., 355.

*R. B. Middlebrook* for respondents.

(1) The repeal of the old charter provision and the old ordinances was sufficiently definite and adequate to accomplish the purposes for which it was designed. It is well settled that an affirmative enactment of a new rule implies a negative of what is not included. Butler v. Sullivan County, 108 Mo. 630; State ex rel. v. Woodson, 128 Mo. 512; Sutherland on Statutory Const., sec. 154; Ex parte Joffee, 46 Mo. App. 365; Webb v. Lumber Co., 68 Mo. App. 546; State ex rel. v. Wardell, 153 Mo. 319; Mack v. Jastro, 58 Pac. 372, 126 Cal. 130; Fisk v. Henarie, 142 U. S. 459; King v. Correll, 106 U. S. 395; District of Columbia v. Hutton, 143 U. S. 18; Rogers v. Railroad, 62 U. S. App. 697, 91 Fed. 299; U. S. v. Tyner, 11 Wall. 88; State v. Stadt, 31 Kan. 245; Mersereau v. Mersereau Co., 57 N. J. Eq. 382; Anderson v. Camden, 58 N. J. L. 515; Petroleum Co. v. Embury, 67 Barb. 261; In re N. Y. Institute Deaf and Dumb, 121 N. Y. 234; Rogers v. Watrous, 8 Tex. 62. (2) The contention of appellant in his brief that the provisions of the Federal Constitution and of the Constitution of Missouri are violated, because, as he contends, under the charter and ordinances of Kansas City, there is no provision for a jury trial in the police court, can not be maintained. The defendant was arrested for one of those minor offenses, which are in no sense crimes, the charge being that

he unlawfully and willfully made and countenanced and assisted in making a noise, disturbance and improper diversion, and "was also found in a state of intoxication," in other words he was, what is called in police court parlance, "drunk and disorderly." Whatever contrariety of views may be entertained as to the more serious infractions of law, it is universally settled that offenses of this kind, charged against defendant (being simply violations of municipal by-laws) are rightfully and lawfully tried by the police judge without the intervention of a jury, such offenses not being "crimes," as that term is used in constitutions. Ex parte Kiburg, 10 Mo. App. 442; Callan v. Wilson, 127 U. S. 540; Ex parte Hollwedell, 74 Mo. 395; Williams v. Augusta, 4 Ga. 509; Vason v. Augusta, 38 Ga. 542; State v. Guttierrez, 15 La. An. 190; Tierney v. Dodge, 9 Minn. 169; Byers v. Commonwealth, 42 Pa. St. 89; 1 Bish. on Criminal Pr., sec. 758; State v. Conlin, 27 Vt. 318; McGear v. Woodruff, 33 N. J. L. 213; Howe v. Plainfield, 8 Vroom (37 N. J. L.) 145; People v. Justices, 74 N. Y. 406; State v. Lee, 29 Minn. 445; Mankato v. Arnold, 36 Minn. 62; Ex parte Schmidt, 24 S. C. 363; Moundsville v. Fountain, 27 W. Va. 204; Hill v. Mayor of Dalton, 72 Ga. 314; Dively v. Cedar Falls, 21 Iowa 565; State v. Topeka, 36 Kan. 76; Monroe v. Mauer, 35 La. An. 1192; 1 Dillon on Municipal Corp. (4 Ed.), secs. 411 and 428. "In a prosecution to recover a penalty for·violating a city ordinance, an arraignment and plea are unnecessary, since such a proceeding is not a criminal prosecution." City of Lexington v. Curtin, 69 Mo. 626; St. Louis v. Knox, 74 Mo. 79. Our own Supreme Court has decided many times that a violation of our municipal by-laws or ordinances is not a "crime," as that term is used in the Constitution. Stevens v. Kansas City, 146 Mo. 460; State ex rel. v. Renick, 157 Mo. 293; 1 Dillon on Mun. Corp. (4 Ed.), sec. 433. The power to dispose of them summarily was undoubted. 2 Beach on Public Corporations, sec. 1284. "It is well settled that such is the law, the constitutional law; for

if no man could be fined or imprisoned for violation of a city police ordinance, except by a jury trial on indictment, away would go all power in our municipal authorities to preserve peace and good order within their corporate limits." Hill v. Dalton, 72 Ga. 314; U. S. v. Green, 19 D. C. 230. Where no provision is made for jury trials of municipal offenses in cities of the fourth class, it is to be taken that the Legislature has not intended there shall be jury trials in such municipalities and it is competent for the Legislature to provide for a trial in this summary way. City of Marshall v. Standard, 24 Mo. App. 192; State v. Bockstruck, 136 Mo. 335; City of Mt. Sterling v. Holly (Ky.), 57 S. W. 491; State v. Kennie, 60 Pac. 580; State v. Glenn, 54 Md. 572; Steamboat Co. v. Foster, 5 Ga. 194; Ross v. Irving, 14 Ill. 171; Anderson v. Caldwell, 91 Ind. 454; Allen v. Anderson, 57 Ind. 388; State v. McClear, 11 Nev. 39; Frazee v. Beattie, 26 S. C. 348; Stillwell v. Kellog, 14 Wis. 461. (3) If there was any doubt left on the proposition that it is lawful and permissible to conduct municipal police courts without jury trials, it would be dispelled by virtue of the provisions in the Kansas City charter providing for an appeal to the criminal court of Jackson county, Missouri, in all cases determined by the police judge. The language of the charter on this point is as follows: "Appeals in all cases tried by him as police judge shall be taken to the criminal court of Jackson county, Missouri, at said city." Sec. 17, article 4, charter 1889. "It has been decided by the courts in several of the States that although the charge or matter in the municipal or local courts be one in respect of which the party is by the Constitution entitled to a trial by jury; yet, if by an appeal, clogged with no unreasonable restrictions, he can have such a trial as a matter of right, in the appellate court, this is sufficient, and his constitutional right to a jury trial is not invaded by the summary proceeding in the first instance." 1 Dillon on Municipal Corp. (4 Ed.), sec. 439; Stewart v. Mayor, 7 Md. 501; Morford v. Barnes, 8

Yerger (Tenn.), 444; McDonald v. Schell, 6 Serg. & Rawl. (Pa.) 240; Beers v. Beers, 4 Conn. 535; Jones v. Robbins, 8 Gray (Mass.) 329; Dorgan v. Boston, 12 Allen (Mass.) 235; Sedg. Stat. and Const. Law (2 Ed.), pp. 491, 496 and 497; Cooley Const. Lim. (6 Ed.), p. 505; Emporia v. Vollmer, 12 Kan. 631.    (4)   By the terms of sections 10 and 11 of the old ordinances which appellant invokes in his behalf, a requirement is made that when a jury is called for the defendant he shall make a deposit sufficient to cover the expense of the jury. Appellant does not claim to have made or tendered any such deposit; hence, even under the old ordinances appellant would not be entitled to a jury.

MARSHALL, J.—This is an appeal from a judgment of the circuit court of Jackson county, discharging a preliminary rule in prohibition theretofore issued by that court.

This court has jurisdiction of this appeal because the protection of the Constitution of this State and of the United States was invoked by the plaintiff in the lower court, and alleged to have been denied to him by the decision of that court.

The case made is this:   The plaintiff was arrested by the police for disturbance of the peace and for being drunk on the streets in Kansas City, and was put upon trial before the police court of that city.   He demanded a trial by jury, which was refused him.   He thereupon obtained from the circuit court of that county a preliminary rule in prohibition against the police court, and the judge and prosecuting attorney of that court, upon the ground that under the charter and ordinances of that city he was entitled to a trial by jury, and also that under the Constitution of this State (secs. 22 and 28 of art. 2) he was entitled to a trial by jury, and also that under the fourteenth amendment to the Constitution of the United States and under section 30 of article 2 of the Constitution of Missouri,

he was about to be deprived of life, liberty or property without due process of law. '

The gist of this contention is this: Under the charter of Kansas City adopted in 1875, and under sections. 891 and 892 of the Revised Ordinances of Kansas City 1888 (being ordinance number 41982) a jury trial before the city recorder, as the court was then called (police court, as it is now called), was permitted to any person charged with a violation of a municipal regulation before said recorder or court, and that the new charter, adopted in 1889, expressly continued in force all ordinances in. force at the date of its adoption, until repealed by the common council, and that the ordinances in reference to such jury trial have not been repealed. On the contrary, the defendants show that the charter of 1889 creates the police court, provides for a police judge, who shall be ex officio a justice of the peace, and confers exclusive jurisdiction upon such court over all cases arising under any ordinance of the city, except suits for taxes due the city, and provides for appeals from him as police judge to the criminal court of Jackson county, and appeals from him as justice of the peace to the circuit court as in cases of appeals from other justices of the peace in civil cases. The defendants also show that the Revised Ordinances of 1888 (containing sections 891 and 892 aforesaid, providing for a jury trial) being ordinance 41982, was repealed and superseded by the Revised Ordinance of 1898, being ordinance 9258, and that a jury trial is not permitted under the present ordinance, but that, on the contrary, under section 699, Revised Ordinance 1898, the police judge now determines the guilt or innocence of the accused and fixes the punishment. The defendants further show that sections 891 and 892 of the Revised Ordinance of 1888, which was continued in force by the charter of 1889 until repealed by the common council, was repealed by section 1274 of .the Revised Ordinance of 1898, which is as follows:

"Sec. 1274. *Repealing Clause.*—All ordinances and

parts of ordinances of a general nature. not herein contained are hereby repealed, but in construing this provision no ordinance granting any right or privilege therein mentioned to individuals, firms or corporations, or fixing the salary, wages or compensation, or authorizing the appointment or employment of any officer or employee of the city, shall be held to be a general ordinance."

The defendants further contend that even if sections 891 and 892 of the Revised Ordinances of 1888 were still in force, the plaintiff has not shown himself entitled to a jury trial, because he has not deposited or offered to deposit with the clerk of said court "a sum sufficient to pay the fees of such jury," as those sections of the ordinance of 1888 required to be done when the jury was demanded.

Upon this showing, the circuit court discharged the preliminary rule in prohibition, and the plaintiff appealed to this court.

## I.

If all the plaintiff contends for be conceded, he can not maintain this action.   For the same ordinance provisions that he relies on as guaranteeing him a trial by jury, also require him to deposit with the clerk of the police court, at the time he demands a jury, "a sum sufficient to pay the fees of such jury," and this the plaintiff does not allege or even pretend that he did.   Hence, he has failed to bring himself within the provisions of the ordinance he relies on.

## II.

But it is not true that the charter and ordinances of Kansas City, that were in force on August 13, 1899, when the plaintiff was arrested, give any right of trial by jury in cases arising upon a violation of municipal police regulations.

The charter of 1875 was superseded by the charter of

1889, and sections 891 and 892 of the Revised Ordinance of 1888, providing for a trial by jury, while preserved, until repealed, by the provisions of section 1 of article 17 of the charter of 1889, were nevertheless expressly repealed by section 1274 of the Revised Ordinance of 1898, because they were ordinances of a general nature in the Revised Ordinance of 1888, and were not contained in the Revised Ordinance of 1898. [State ex rel. v. Woodson, 128 Mo. l. c. 511.]

The Revised Ordinance of 1898 revised the subject of trials for violation of municipal police regulations and adopted a different policy and procedure from that provided by the revised ordinance of 1888, and by so doing, repealed the old ordinance provisions, even if section 1274 had not expressly done so. [Meriwether v. Love, 167 Mo. 514; Endlich on Inter. Stat., secs. 201 and 202; State v. Roller, 77 Mo. 120; State to use v. Hickman, 84 Mo. l. c. 79; State ex rel. v. Wardell, 153 Mo. l. c. 325.]

This is manifestly true in this case, because it could not be that it was intended to leave in force two ordinances of a general nature under one of which a jury trial was authorized and guaranteed, and under the other no such right was conferred, but on the contrary, the power was conferred exclusively upon the judge to find the guilt or innocence of the accused and to assess the punishment.

### III.

The plaintiff here, apparently for the first time, contends, however, that even under section 699, Revised Ordinance 1898, he is entitled to a trial by jury. He works out this contention by taking the first sentence of that section, which provides: "All cases triable before such judge shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors," and by showing that by sections 2769 et

seq., Revised Statutes 1899, a defendant on trial, for a misdemeanor, before a justice of the peace may demand a jury.

Such contention is disingenuous. It ignores the remaining provisions of section 699, Revised Ordinance 1898. That section is as follows:

"Sec. 699. *Proceedings.*—All cases triable before such judge shall be proceeded with in the same manner as trials before justices of the peace for misdemeanors. If the police judge shall find the defendant guilty, said judge shall fix the punishment according to law, and the judgment shall be for fine assessed together with costs and commitment, either or both as may be required. If the finding be that defendant is not guilty, the judgment shall be for the defendant; such judgment shall be entered on the record of said court."

When read in its entirety, it is too plain to admit of serious controversy that no right of trial by jury is conferred by this section, and that it does not contemplate a reference to or adoption of the state statutes in reference to the right to a jury trial in such cases. For if the judge is alone empowered to pass upon the guilt or innocence and to assess the punishment of the accused, the jury would have no function to perform, and, hence, would be a perfectly superflous adjunct.

## IV.

Neither the Constitution of Missouri nor the Constitution of the United States guarantees to a person charged with a violation of a mere municipal police regulation, the right of trial by jury. Nor is such a right guaranteed or involved in section 30 of article 2 of the State Constitution or in the fourteenth amendment to the Constitution of the United States, which prohibit any person to be deprived of life, liberty or property without due process of law. [Walker v. Sauvinet, 92 U. S. 90.] "Due process of law" does not necessarily mean

a trial by jury. It simply means a day in court, according to the practice provided for such cases, involving, of course, notice and an opportunity to be heard before judgment is pronounced.

Violations of municipal police regulations are not crimes within the meaning of that term as used in the Constitution. [Stevens v. Kansas City, 146 Mo. 460; State ex rel. Kansas City v. Renick, 157 Mo. 292.]

Being mere prosecutions to recover a penalty for a violation of a city ordinance, "an arraignment and plea are unnecessary, since such a proceeding is not a criminal prosecution." [City of Lexington v. Curtin, 69 Mo. 626; St. Louis v. Knox, 74 Mo. 79.]

Ever since St. Louis v. Smith, 10 Mo. 439, such prosecutions have been treated by this court as civil in nature, although somewhat criminal in respect to some of the prescribed procedure. [Kansas City v. Clark, 68 Mo. l. c. 589; Ex parte Hollwedell, 74 Mo. l. c. 400; St. Louis v. Knox, 74 Mo. 79; St. Louis v. Weitzel, 130 Mo. l. c. 612; City of Gallatin v. Tarwater, 143 Mo. l. c. 46; Stevens v. Kansas City, 146 Mo. 460; State ex rel. v. Renick, 157 Mo. 292; State v. Muir, 164 Mo. 610.]

This being true, such prosecutions may be, in fact to be effective *must* be, summary. [Hill v. Dalton, 72 Ga. 314; United States v. Green, 19 D. C. 230.]

And where the act charged is a mere violation of a municipal police regulation and not a matter embraced in the public criminal statutes of the State, a trial by jury is not a constitutional right of the defendant in such a case. [1 Dillon on Mun. Corp. (4 Ed.), secs. 432-433; 2 Beach on Public Corp., sec. 1284.]

Aside from all this, the right of trial by jury for violation of mere municipal police regulations is not and never was contemplated by the Constitution of this State. [Vaughn v. Scade, 30 Mo. l. c. 604; Callan v. Wilson, 127 U. S. 540; 6

Am. and Eng. Ency. Law (2 Ed.), p 978, and cases cited in note 3.]

## V.

In addition to all that has so far been said, this proceeding must fail because no proper case for a writ of prohibition is presented by this record.

Even if all the plaintiff contends for be conceded, it would amount only to error, which could only be corrected by appeal. The jurisdiction of the police court to try cases for violation of municipal police regulations, leveled at disorderly conduct and drunkenness on the streets, is exclusive. Its procedure in the exercise of its jurisdiction may or may not be erroneous, but so long as it has jurisdiction, and acts within its jurisdiction, its rulings and proceedings can not be reviewed or corrected by means of a writ of prohibition, no matter how erroneous such rulings and proceedings may be. Mere error or irregularity or mistake, be it ever so manifest, which does not amount to an excess of jurisdiction, will not be ground for a prohibition. [Lloyd on Prohibition, p. 48; Shortt on Mand. and Prohib., marg. p. 436; 19 Am. and Eng. Ency. Law (1 Ed.), p. 263.]

A writ of prohibition "can not be made to perform the functions of an appeal, a writ of error, or a certiorari, its purpose being, not to correct errors, but to prevent a usurpation of jurisdiction." [19 Am. and Eng. Ency. Law (1 Ed.), 265, and cases cited; Mastin v. Sloan, 98 Mo. 252; State ex rel. v. Railroad, 100 Mo. 59; State ex rel. Johnson v. Withrow. 108 Mo. 1. c. 8; State ex rel. v. Ross, 136 Mo. 1. c. 273; State ex rel. v. St Louis Court Appeals, 99 Mo. 219.]

For these reasons, the judgment of the circuit court discharging the preliminary rule in prohibition is affirmed. All concur.