STATE OF MISSOURI ex rel. RUDOLPH et al.,
Petitioners, v. WITTHOEFT et al., Respondents.

**St. Louis Court of Appeals, March 13, 1906.**

**(Opinion by Goode, J.)**

1. **POLITICAL COMMITTEES: Prohibition: Judicial Review.** A
writ of prohibition will not lie to prevent a political committee
from ousting without cause some of its members from member-
ship, although such action is subject to judicial review.

**(Opinion by Bland, P. J.)**

2. ————: **Primary Election Law: Certiorari.** Under the primary
election law of 1901, it seems that a political committee can-
not oust one of its members except upon a hearing and ac-
cording to the forms and rules of legal procedure, and such
proceeding may, under section 21, subdivision 2 of the act,
be reviewed by certiorari.

3. ————: **Remedy of Ousted Member: Mandamus.** If a member
of a political committee should be ousted by mere resolution
of the committee, without a hearing or an opportunity to be
heard, his remedy is not prohibition but by writ of mandamus
to compel the committee to permit him to participate in the
proceedings.

Original Proceeding for Writ of Prohibition.

PROCEEDING DISMISSED.

GOODE, J.—This is an original proceeding for the
purpose of obtaining a writ of prohibition against the
respondents to prevent them from ousting the relators
from membership in the General Committee of the Re-
publican Party of the city of St. Louis, and filling re-
117 App.—40

lators' places with other persons. The petition for the writ suggests that the eight relators, the seventeen respondents and several other persons not parties to this proceeding, constitute said general committee, having been elected by the Republican party in the different wards of the city. The petition for the writ then proceeds as follows:

"That the respondents, composing a majority of said committee, propose and intend and will, if not prevented by legal process, pass and adopt and spread upon the records of said committee as the acts of such committee, at a meeting of said committee to be held on the first day of March, 1906, at eight o'clock, p. m., motions and resolutions declaring that the petitioners and each of them are expelled, ousted and removed from said committee and as members thereof from their respective wards, and further prevent the petitioners and each of them from in any manner participating in said meeting as members of said committee and from exercising their rights and privileges as the members of said committee from their respective wards, and will admit into said committee and recognize as members thereof in lieu of the petitioners, persons whose names are unknown to the petitioners.

"That the petitioners and each of them have at all times since they have been members of said committee, demeaned themselves well in office and have not at any time committed any act contrary to the rules and regulations of said party or of said committee; that said committee has not and does not intend to prefer any charges against petitioners or either of them or to give them a notice or a hearing, but intend unlawfully, arbitrarily, oppressively, wrongfully and illegally and without jurisdiction or authority to so do, to deny to the petitioners and each of them the right to participate in said meeting or in said committee and to obstruct and prevent them from enjoying the privileges and perform-

ing the duties of members of said committee from their respective wards.

"And the petitioners further state that the said intended proceeding and acts of said committee as aforesaid are a direct encroachment upon the authority and jurisdiction of this court and are in contempt of this honorable court, its authority and dignity, and under the constitution and laws is made the care of this court, that the said respondents above named, constituting a majority of said committee and that said committee, keep within the bounds and limits of the jurisdiction prescribed to them by the laws of this State.

"Wherefore your petitioners, imploring the aid of this honorable court, pray to be relieved and that they may have the State's writ of prohibition directed to said respondents and each of them to prohibit them and each of them from carrying out their said unlawful intentions and purposes and from in anywise interfering with the petitioners or any of them in the enjoyment of their rights and privileges as members of said committee."

I am of the opinion that the writ of prohibition will not lie on the facts suggested, because the alleged threatened action of the majority of the general committee against the rights of the relators is not of a judicial nature, and, moreover, there is as yet no proceeding before the committee which we may prohibit it from entertaining. [State ex rel. v. Ryan, 180 Mo. 32.] Perhaps other reasons might be given for this conclusion. While I think prohibition is not an appropriate remedy, I think, too, that an attempt by the majority of the committee to prevent relators from participating in the business of the committee would be reviewable by either certiorari or mandamus. [State ex rel. v. Reynolds, 190 Mo. 540, 89 S. W. 877.] Which of those remedies ought to be invoked, would depend on the circumstances of the case. I have no idea that the majority of a political committee, at least in the absence of the delegation of power from the voters of the party, can oust from membership a

person elected by the voters of a ward, and put a substitute in his place. [People ex rel. Coffey v. Democratic Gen. Com., 164 N. Y. 335.] Perhaps circumstances might exist which would warrant the exclusion of a committeeman from meetings of the committee, such as a known betrayal of the committee's secrets and hostility to the party's success. But even exclusion from meetings and refusal to permit a member to participate in the business and counsels of the committee, is made subject to judicial review by our statutes. [Primary Election Law, act, 1901, p. 149, sec. 23.] This law was designed, among other things, to prevent factional oppressions and outrages in politics, and to lift party management to a plane where it will assist, rather than hinder, the expression of the will of the people in choosing party candidates for public offices and in elections. [People ex rel. Coffey v. Committee, supra.] Factional party majorities no longer can do as they please, but must recognize and respect the rights of minorities.

I think the motion to dismiss this proceeding ought to be sustained.

BLAND, P. J. (concurring).—It is history that prior to the passage of the Primary Election Law, approved March 13, 1901, political parties exercised the right to remove members for cause and to fill vacancies in the committee occurring from any cause. This right is not expressly taken away by the act of 1901, but, it seems to me, it is practically conceded by subdivision 2, of section 21, of the act, which recognizes the right of parties to make such rules and regulations for the government of party conventions and committees as are "not contrary to or inconsistent with the provisions of the act." If this view of the act is correct, then a political committee may, under appropriate rules of the party, oust a disloyal member of the committee upon a hearing and according to the forms and rules of legal procedure; and these proceedings may, under the provisions

of section 21 of the act, be reviewed by certiorari.   If a member should be ousted by mere resolution, without a hearing or without an opportunity having been afforded him to be heard, I think, under the latter section, the committee might be compelled by the writ of mandamus to permit him to participate in its proceedings.   Under this view of the act, I think, if the respondents carry out their threat to oust the petitioners from the committee, without a trial or hearing, they (the petitioners) have an adequate remedy by mandamus and prohibition will not lie; or, if the respondents, as a committee, have the right to try and expel one of their members, the writ of prohibition will not lie, although the committee may proceed in an irregular or erroneous manner.   It is only where the tribunal sought to be prohibited is threatening to do an act not within its jurisdiction, or in excess of its jurisdiction, that prohibition will lie.   It will not lie if the tribunal has jurisdiction to do the threatened act, however irregular or erroneous its proceedings may be. [Delaney v. Police Court, 167 Mo. 667, 67 S. W. 589; State ex rel. v. Fort, 178 Mo. 518, 77 S. W. 741.]   For these reasons, I think the motion to quash the preliminary writ should be sustained.