THE TOWN OF GOWER, Appellant, v. REUBEN B. AGEE, Respondent.

Kansas City Court of Appeals, January 27, 1908.

1. **TOWNS ʹAND VILLAGES:** Dramshops: Police Regulations: Statutory Construction. The act of towns and villages in licensing dramshops within the town or within a half mile of their limits is a police regulation and not a revenue measure.

2. ─────: ─────: ─────: ─────: County Line. And such police authority is delegated to the village over outlying territory for one-half mile, even though such territory be in an adjoining county.

Gower v. Agee.

3. ——: ——: ——: ——: ——: **Arresting Offender.** The police court has jurisdiction over the offense committed within the boundaries of the legislative jurisdiction of the village; and the town marshall may, by having his process endorsed by a justice of an adjoining county, arrest the offender in such county for an offense committed against the village ordinance within such county.

Appeal from Clinton Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

REVERSED AND REMANDED.

*Frost & Frost* for appellant.

(1) The town of Gower being organized under chapter 91, article 6, of Revised Statutes 1899, has such power as the Legislature has granted to towns organized under that law. And among the powers conferred is that to regulate, license or prohibit dramshops within one-half mile beyond its limits. R. S. 1899, sec. 6010. This power to regulate, license and prohibit beyond the limits is a valid grant of power. Fredericktown v. Fox, 84 Mo. 59. (2) Plaintiff corporation is given valid policing power one-half mile beyond its limits; defendant is within the limits over which this policing power extends, and is subject to its control. This policing power being a State grant we see no reason why county lines should operate to defeat its purpose, and being for the people's benefit and health should be liberally construed, if such a construction be necessary. Chicago Packing Co. v. Chicago, 88 Ill. 221; Carpenter v. Realty Co., 103 Mo. App. 493. (3) In granting this power to villages the Legislature recognized the necessity of such power in a village for the protection of the health and morals of its citizens, and granted it jurisdiction over this outside territory for that purpose, and every person located within that territory is as much within the inhibition of the laws and ordinances of said town as if within its limits. State ex rel. v. Hudson, 78 Mo. 302; State ex rel

v. Bond, 93 Mo. 623; State v. Bixman, 162 Mo. 22.    (4) The prosecution of defendant for violation of plaintiff ordinance is a civil proceeding, and the article under which plaintiff is incorporated provides the manner of commencing said prosecution by the filing of complaint and the service of a warrant upon the defendant, and also provides how said warrant may be served outside the county, and the learned circuit judge was in error in supposing that no method had been provided for the service of such warrant outside the county.   R. S. 1899, sec. 6025; Delany v. Police Court, 167 Mo. 678; State ex rel. v. Renick, 157 Mo. 299; Stevens v. Kansas City, 146 Mo. 460; St. Louis v. Weitzel, 130 Mo. 612; Canton v. McDaniel, 188 Mo. 228; Gallatin v. Tarwater, 143 Mo. 46.

*E. C. Hall* for respondent.

(1)  Section 6010 which authorizes county courts to incorporate villages, does not confer upon them any power to create a town in another county, or give them any control over the territory outside of their respective counties.  R. S. 1899, secs. 6010, 6024, 6025.   (2)  The ordinance under which plaintiff seeks to fine defendant is unreasonable, a revenue measure and void as applied to defendant, who sold the liquor outside of the territorial limits of the town of Gower and not in the same county.  R. S. 1899, sec. 6045; Wells v. Weston, 22 Mo. 384; St. Louis v. Insurance Co., 47 Mo. 151; Plattsburg v. Clay, 67 Mo. App. 497; Kansas City v. Corrigan, 18 Mo. App. 206; Salisbury v. Patterson, 24 Mo. App. 169.   (3) This action is not only of a quasi-criminal character but is to be prosecuted in the same manner as a misdemeanor.   The summons is a warrant of arrest whereby the body of the defendant is taken and held unless bail is given; the warrant is returnable forthwith, and if the judgment is against the defendant he is fined.   In re McDonald, 19 Mo. App. 370; State v. Blunt, 110 Mo. 337; R. S. 1899, sec. 6013.   (4)  If the ordinance is intended to

have force and effect outside of the county in which the village is located it will be repugnant to the legislative policy of the State and contrary to the organic law or charter of such village. Ex parte Loving, 178 Mo. 194; Kansas City v. Oppenheimer, 100 Mo. App. 527; Kemp v. Monett, 95 Mo. App. 452; Willow Springs v. Withaupt, 61 Mo. App. 275.

JOHNSON, J.—On a complaint made before the chairman of the board of trustees of the village of Gower, defendant was tried and convicted on a charge of selling intoxicating liquors within one-half mile of the village, "without having taken out or having a license from said town of Gower or any other legal authority to sell the same." He appealed to the circuit court where the cause was tried on an agreed statement of facts and a judgment of not guilty was entered and plaintiff appealed to this court. Objection is made by defendant to the sufficiency of the record but it is so obviously without merit that we need not discuss it. The agreed facts material to our inquiry are as follows:

Gower is a village incorporated by order of the county court of Clinton county under the provisions of section 6004, Revised Statutes 1899. Its west boundary line is the dividing line between Clinton and Buchanan counties. Defendant, acting under a dramshop license issued by the county court of Buchanan county, established a dramshop in the latter county, within one-half mile of the west line of the village and sold intoxicating liquors as charged in the complaint. He did this without obtaining a license from the village and in direct violation of one of its ordinances which provided that "no person shall within the limits of the town of Gower, nor within one-half mile of said limits directly or indirectly, in person or by another, sell, give away, or dispose of in any manner or suffer the same to be done on his premises, any distilled, malt or vinous intoxicating liquors

without a license first obtained according to the provisions of this ordinance as a dramshop keeper." The penalty provided for a violation of this ordinance is a fine of "not less than twenty nor more than one hundred dollars for each and every offense." Another section of the ordinance provided for the issuance of dramshop licenses and that "upon every dramshop license there shall be levied and collected a license tax of not less than fifty dollars for every six months or part thereof." Further, it was agreed by the parties that "defendant is a non-resident of the town of Gower and that service of the warrant in this case was had on him in Buchanan county, Missouri, after being certified to by the county clerk of Clinton county, Missouri, as required by law."

To sustain the prosecution, these questions must be answered in the affirmative: *First,* Does the municipality possess authority to prohibit or license and regulate dramshops in territory situated in another county, but within a half mile of the town limits? *Second,* Should this question be answered in favor of such authority, does the statute provide means for bringing before the town court for trial and punishment a person who commits an offense in the adjoining county, but within one-half mile of the town, against the ordinances enacted to license and regulate dramshops?

Section 6010, Revised Statutes 1899, invests the board of trustees of an incorporated village with the power to pass by-laws and ordinances "to provide for licensing and regulating and prohibiting dramshops and tippling houses, public shows, circuses, theatrical and other amusements, to the distance of one-half mile from the corporate limits of such town." This statute, without regard to county lines, attempts to provide for the establishment of a belt surrounding the corporate limits of a small town in which the municipality shall have the power to adopt and enforce certain specified police regulations obviously designed for the efficient protec-

tion of its inhabitants. Defendant argues that "the ordinance (and therefore, the statute) under which plaintiff seeks to fine defendant is unreasonable, a reve-, nue measure and void as applied to defendant who sold liquor outside of the territorial limits of the town of Gower and not in the same county" and cites in support of his position the following authorities: Wells v. City of Weston, 22 Mo. 384; St. Louis v. Insurance Co., 47 Mo. 151; Plattsburg v. Clay, 67 Mo. App. 497; City of Kansas v. Corrigan, 18 Mo. App. 206; City of Salisbury v. Patterson, 24 Mo. App. 169. But these authorities have no application to the present case. .We are not confronted with a question arising from an effort to exercise the taxing power, but with a police regulation. It has been said by the Supreme Court on a number of occasions that "the State has the right, in the exercise of its police power to prohibit the sale of intoxicating liquors without a license. . . . The license fee ex- acted by the general law regulating dramshops . . . is not a tax within the meaning of the . . . constitu- tion, but is a price paid for the privilege of doing a thing, the doing of which the Legislature has the right to pro- hibit altogether. Such laws are regarded as police regu- lations, established by the Legislature for the prevention of intemperance, pauperism and crime, and for the abatement of nuisances, and are not regarded as an exer- cise of the taxing power. Pursuits that are pernicious or detrimental to public morals may be prohibited alto- gether, or licensed for a compensation to the public." [State ex rel. v. Hudson, 78 Mo. 304; State ex rel. v. Pond, 93 Mo. 606; State v. Bixman, 162 Mo. 1.] And in The Inhabitants of the town of Fredricktown v. Fox, 84 Mo. 59, it was held by the Supreme Court that a town incorporated under the provisions of chapter 91, article 6, Revised Statutes 1899, has authority by virtue of sec- tion 6010 to enact an ordinance for the prohibition or for the licensing of dramshops and tippling houses within

one-half mile of the corporate limits of the town. The
interpretation placed on the statute in the above cases
supports the conclusion that police power may be del-
egated by the Legislature to a municipality over terri-
tory immediately adjacent to its limits where an exer-
cise of such authority is necessary to the preservation
and protection of the peace and good order of the town
and its inhabitants and that as the statute under which
such authority may be enjoyed provides no exception in
cases where the protecting belt may lap over into terri-
tory located in another county or municipality, it cannot
be said with reason that the Legislature intended to
place such restriction on the exercise of the power.
Counsel for defendant imagines a situation with respect
to which he propounds this question: "If this town can
reach over the county line and control a part of Buchan-
an county, what would be the status should the Buch-
anan county court under the same statute as the Clinton
county court acted in incorporating the town of Gower,
establish and create a town or village with like pow-
ers, on the Buchanan county side of the line and opposite
the town of Gower?" He concludes that "there would be
an irreconcilable conflict of jurisdiction of two villages,
both of which with like power and authority over the
same territory to an extent that would include every
foot of ground and every inhabitant of the other, a con-
dition unheard of and almost unimaginable in a practi-
cal sense and absolutely intolerable and impossible in a
legal sense."

The very situation supposed is to be found in the
case of the Chicago Packing and Provision Co. v. City
of Chicago, 88 Ill. 221. There, under a statute which
authorized cities and towns "to direct the location and
regulate the management and construction of packing
houses, renderies, tallow chandleries, bone factories,
soap factories and tanneries within the city or village,

128 App.—28

and within the distance of one mile without the city or
village limits," the city of Chicago adopted an ordi-
nance "prohibiting any person or corporation within the
city or within one mile of the city limits" from engag-
ing in such business. Under a license issued by the town
of Lake which adjoined the city of Chicago, a packing
house was established within one mile of the limits of the
latter city. The Supreme Court of Illinois saw no dif-
ficulty in the way of the conclusion that the prosecution
of the business in this territory was subject to the police
regulations of each municipality. "To accomplish this
purpose (i. e., the protection of the inhabitants of cities
and villages against the maintenance of intolerable nui-
sances), the power was conferred upon cities and vil-
lages to regulate these establishments for the distance of
one mile beyond their corporate limits, even if that
should lap over and embrace a portion of territory in-
cluded in the boundaries of another municipality. Each,
to that extent, has the right to protect its inhabitants,
and such establishments, located in such territory, are
subject to police power of both corporate bodies. This
is within the letter, and, we have no doubt, the spirit of
the law. Nor does the fact that appellant is liable to
pay a fee to each municipality for the privilege of pur-
suing a vocation the General Assembly regards of such
a character as to require regulation and control, mili-
tate against the grant or exercise of the power."

Had the town of Gower been bisected by the county
line and each part incorporated by the county court of
the county in which it was located, a dramshop could
not be maintained in either town within a half mile of
the line without licenses from both. To hold otherwise
would be to say that towns situated on border lines can-
not enjoy the protection of the statute and are impotent
against the corrupting and demoralizing influence of
nuisances set up at their very doors. A construction of
the statute so harsh and narrow, manifestly was not

within the contemplation of the Legislature which enacted it and does not receive our sanction.

Passing to the second question, we find ourselves unable to concur with the learned trial judge in the view that "it seems from the above (sections 1685-86-88-89-90 et seq., Revised Statutes 1889, and section 2444, Revised Statutes 1899), that there is no provision made by the law for the arrest and prosecution of an offender by the authorities of a town where the offense is committed within one-half mile of the limits of a town where said territory lies within another county." But before discussing that view, we will dispose of the argument advanced by counsel for defendant that the Legislature could not delegate, had it chosen so to do, the power to the courts of a village incorporated in one county to arrest and try offenders against the village ordinances where the offenses are committed in another county. To sustain this position, we are referred to In re McDonald, 19 Mo. App. 370 and State v. Blunt, 110 Mo. 1. c. 337. We readily concede that a person accused of a crime against the general laws required to be prosecuted by indictment is entitled to enjoy not only the right of trial by jury, but to be tried in the county where the crime is charged to have been committed. As we said in In re McDonald, supra. "This boon implies not only the privilege of trial *per pais* but that this jury shall be of our peers and come from the vicinage,—our county—our neighbors." This right, however, does not obtain where the offense is against a municipal law. A prosecution to recover a penalty for the violation of a city ordinance is held by the Supreme Court to be civil in nature "although somewhat criminal in respect to some of the prescribed procedure." It is not required to originate by indictment, an arraignment of the accused and plea are unnecessary and "a trial by jury is not a constitutional right of the defendant in such case. [Delaney v. Police Court, 167 Mo. 667; State ex rel. v. Renick, 157 Mo. 299;

Stevens v. Kansas City, 146 Mo. 460; St. Louis v. Weitzel, 130 Mo. 1. c. 612; Canton v. McDaniel, 188 Mo. 207, 1. c. 228; City of Gallatin v. Tarwater, 143 Mo. 46.] No ancient, or statutory right or principle of law is violated in the investiture by the Legislature of municipal courts with jurisdiction over offenses against police regulations which may embrace territory situated in two or more counties. The Legislature had the power to delegate to the village of Gower the right to enforce its police regulations within prescribed limits and regardless of the county line, and we proceed to discuss the conclusion of the trial judge that the statute makes no provision for the arrest and prosecution of an offender against a town ordinance "where an offense is committed within one-half mile of the corporate limits of the town where said territory lies within another county."

Section 6025, Revised Statutes 1899, provides that "upon the filing of the complaint provided for in the next preceding section, sworn to by the town attorney, the town marshal, or by any other person competent to testify in the cause, the chairman shall forthwith issue his warrant for the arrest of the accused, and all warrants issued by him shall be directed to the town marshal, the sheriff or any constable of the county, and may be served by any such officer, anywhere within the limits of said county, and not elsewhere, unless said warrant is endorsed in the manner provided for warrants in criminal cases." The method to be followed in the class of cases last mentioned is prescribed in section 2444: "If the person against whom any warrant granted by a judge of the county court, justice of the peace, mayor or chief officer of a city or town shall be issued, escape or be in any other county, it shall be the duty of any magistrate authorized to issue a warrant in the county in which such offender may be or is suspected to be, on proof of the handwriting of the magistrate issuing the warrant to indorse his name thereon, and

thereupon the offender may be arrested in such county by the officer bringing such warrant, or any officer within the county within which the warrant is so endorsed." The proper construction to be placed on these and other sections of the statute bearing on the subject thus may be stated: *First,* for the purpose of enacting police regulations to control the establishment and maintenance of dramshops in territory assigned by law to small municipalities and to impose a penalty for the violation of ordinances dealing with that subject, county lines should be disregarded. *Second,* the municipal court has jurisdiction over offenses committed within the boundaries of the legislative jurisdiction of the village, notwithstanding the offense may have occurred in a county other than that in which the village is incorporated. And, *third,* while the town marshal is prohibited by the terms of section 6025, supra, from serving the warrant outside of the limits of the county except by following the method provided in section 2444, supra, he is authorized, by following that method, to make the arrest in an adjoining county for an offense committed therein and within the territorial jurisdiction of the town. There is nothing in the language employed in section 2444 at variance with the latter conclusion. Indeed, the only reasonable meaning to be given to the words "if a person . . . escape or be in any other county," as applied to offenses against town or city ordinances, is to include within their scope any violator of the ordinances, regardless of whether the offense was committed in the county wherein the town is incorporated, and he has escaped therefrom, or in an adjoining county wherein the offender has remained.

As the proceedings were initiated and prosecuted in accordance with the views expressed, it follows that the judgment must be reversed and the cause remanded. All concur.