Ex Parte Jerry Lewis, Petitioner.—42 S. W. (2d) 21.

Court en Banc, September 28, 1931.

844

*Albert W. Johnson* for petitioner.

*Julius T. Muench, Oliver Senti* and *Archa W. Weiss* for respondent.

FRANK, J.—Habeas Corpus. Petitioner Jerry Lewis was arrested in a house of prostitution in the city of St. Louis, on a charge of being an inmate of said house. Pursuant to the provisions of an ordinance of the city she was subjected to a physical examination at the venereal clinic, found to be suffering from syphilis and gonorrhoea, and was thereupon quarantined and detained in a hospital provided by the city for that purpose. She seeks release by habeas corpus on the ground that the ordinance under which she is detained is unconstitutional and void. The pleadings sufficiently present the issue, but we need not give them further notice because the case was submitted on an agreed statement of facts, by the terms of which the parties agreed that petitioner was lawfully detained if the ordinance in question is valid, and that the case was submitted on that single issue.

The provisions of the ordinance pertinent to this case read as follows:

"Sec. 9. *Examination of suspects and quarantine of infected persons.*—When any person is arrested for being a prostitute, a keeper, inmate or frequenter of a house of ill fame, prostitution or assignation, or for lewd, lascivious conduct, said person shall be subjected to a physical examination, by a physician of the Division of Health, for the purpose of determining if such person is infected with a venereal disease in the infectious stage.

"If such examination should reveal that such person is suffering from and afflicted with a venereal disease in an infectious stage, such person shall be quarantined and detained in a hospital, provided by the City of St. Louis, until such time as such person is no longer capable of conveying the disease to others. Provided, however, that any person so quarantined and detained may at his or her option be cared for at his or her own expense by his or her own physician."

No claim is made that the city did not have power to legislate on the subject-matter of the ordinance. Specific objections are made against the validity of the ordinance, the first of which is, that it violates the due process clause of the State and Federal constitutions.

It is well settled that laws and ordinances prescribing regulations for the promotion of the health and welfare of the people are referable to the police power, and if reasonable, are not obnoxious to the due-process clause of either the State or Federal Constitution. Speaking to that question in Valley Spring Hog Ranch Co. v. Plagmann, 282 Mo. 1, 14, 220 S. W. 1, we said:

" 'The constitutional guaranties that no person shall be deprived of life, liberty or property, without due process of law, and that no State shall deny to any person within its jurisdiction the equal

protection of the laws were not intended to limit the subjects upon which the police power of a State may lawfully be exerted. [Minneapolis Railway Co. v. Beckwith, 129 U. S. 26; Jones v. Brim, 165 U. S. 180.] In Barbier v. Connolly, 113 U. S. 27, the court used this language: "But neither the amendment (XIVth)—broad as it is—nor any other amendment, was designed to interfere with the power of the State, sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education and good order of the people." ' "

A like ruling was made in the recent case of Bellerive Inv. Co. v. Kansas City, 13 S. W. (2d) 628, 634, where many cases dealing with the subject are cited and discussed.

It appears from the provisions of the ordinance in question that it was enacted to protect and promote the health of the people, and is therefore fairly referable to the police power of the city, and for that reason is not violative of the constitutional provisions invoked.

The next contention is that the ordinance confers judicial power upon an administrative officer in violation of Section 1 of Article VI of the Constitution of Missouri.. We are not advised as to petitioner's reason for the contention that the ordinance infringes upon this constitutional provision, but we infer the claim is based upon the contention that the ordinance leaves it to the judgment and discretion of the health officer to determine whether or not a person arrested for the causes mentioned in the ordinance shall be subjected to isolation and treatment, thereby conferring judicial power upon an administrative officer. The ordinance is not subject to this objection. A power is not necessarily judicial within the meaning of the constitutional provision invoked merely because its exercise requires investigation of the facts and the exercise. of judgment within lines prescribed by the law which confers the power. Speaking to a like question in State v. Atlantic Coast Line Ry. Co., 58 Fla. 617, 47 So. 969, 32 L. R. A. (N. S.) 639, it is said:

"If the regulation or action of an official or board authorized by statute does not in effect determine what the law shall be, or does not involve the exercise of primary and independent discretion, but only determines within defined limits, and subject to review, some fact upon which the law by its own terms operates, such regulation or action is administrative, and not legislative, executive or. judicial, in its nature and effect."

Other authorities to the same effect are State ex rel. Ellis v. Thorn, 112 Wis. 81, 55 L. R. A. 956; State ex rel. Taylor et al. v. Mo. Pac. Ry. Co., 76 Kan. 467, 92 Pac. 606; 6 R. C. L. 179, sec.

179; State ex rel. City of Superior v. Duluth St. Ry. Co., 153 Wis. 650, 142 N. W. 184.

Our own Court en Banc in State v. Hathaway, 115 Mo. 36, 49, 21 S. W. 1081, has defined a judicial duty thus:

"A judicial duty within the meaning of the Constitution is such a duty as legitimately pertains to an officer in the department designated by the Constitution as judicial. And we can but commend in this connection the language of the same court in Flournoy v. City, 17 Ind. 169, 'An act is none the less ministerial because the person performing it may have to satisfy himself that the state of facts exists under which it is his right and duty to perform the act.' This rule is one quite familiar in this State. It is one that governs sheriffs and constables in making levies, and has been applied to the Secretary of the State in determining the sufficiency of a certificate under the election law. State ex rel. v. Lesueur, 103 Mo. 253."

The ordinance under consideration does not authorize the health officers to determine what the law is or what diseases will subject the prisoner to quarantine and detention in a hospital. True the ordinance authorizes the health officers to determine whether or not the prisoner is afflicted with a venereal disease in an infectious stage, but such authority only authorizes the health officer to determine the facts upon which the ordinance, by its own terms, operates. For reasons heretofore stated, the determination of such fact is not the exercise of either legislative, executive or judicial power within the meaning of the Constitution.

The exact question presented by petitioner was before the Supreme Court of Washington in State ex rel. McBride v. Superior Court for King County, 174 Pac. 973. There one Williams was arrested for violation of an ordinance of the city of Seattle. He was examined by the health commissioner and found to be afflicted with a dangerous, infectious, and contagious disease known as "syphilis," whereupon he was committed to the isolation hospital of the city. He appealed to the state board of health, where the finding of the health commissioner was sustained. He then petitioned the court for habeas corpus, alleging that he was arrested without a warrant and without being informed against, and was being held on a pretended claim that he was afflicted with some dangerous, contagious and infectious disease and that such charge was unfounded and in fact untrue. In disposing of the contention there made, that court said:

"We are unable to draw a line that would logically differentiate this case from the principle involved in those cases where the courts have sustained findings of medical and dental boards. If it is within the power of the Legislature to provide for the licensing

of all those who are skilled in the profession devoted to the health of the people and to lodge the determination of their qualifications in a board of professional men, it ought to follow that the Legislature could provide by a similar law for taking the judgment of men having the same skill upon a question of fact as to the existence of, or whether a given person was or is, afflicted with a contagious, dangerous or infectious disease. The right is sustained because the act of such board is in no sense judicial. State v. Bonham, 93 Wash. 489, 161 Pac. 377, L. R. A. 1917D 996; Reetz v. Michigan, 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; . . ."

The final contention is that the ordinance violates Section 12 of Article II of the Constitution of the State which provides that no person shall be prosecuted *criminally* for a felony or misdemeanor otherwise than by indictment or information. There is no merit in this contention for two reasons: (1) petitioner was not prosecuted on any charge. The isolation of the petitioner was neither a prosecution nor punishment for the commission of a felony or misdemeanor. [Ex parte Brooks (Tex.), 212 S. W. 956, 957.] And (2) if she had been prosecuted under a city ordinance, it would not have been a *criminal* prosecution and for that reason the constitutional provision invoked would have had no application. [Ex parte Hollwedell, 74 Mo. 395; St. Louis v. Von Hoffman, 312 Mo. 600, 609, 280 S. W. 421.]

It is our conclusion that petitioner was and is quarantined and detained pursuant to the provisions of a valid ordinance. For that reason she should be remanded to the custody of the Superintendent of the City Hospital. It is so ordered. All concur.