CITY OF WEBSTER GROVES, a Municipal Corporation, Respondent,

v.

Preston QUICK, Appellant.

No. 46729.

Supreme Court of Missouri,

Division No. 2.

Jan. 12, 1959.

**544**

George M. Andrews and Preston Quick, St. Louis, for appellant.

H. Jackson Daniel, Shulamith Simon, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for respondent.

BOHLING, Commissioner.

Preston Quick appeals from a judgment imposing a fine of $10, in accordance with the verdict of a jury, for the violation of a speed ordinance of the City of Webster Groves, a municipal corporation. Appellant lodged his appeal here on the ground a constitutional issue was involved. Mo. Const., Art. V, § 3, V.A.M.S.

The charge was that appellant, in a 30 mile an hour district, was driving a motor vehicle in said city at a speed of 40 miles an hour in violation of § 717B, Revised Ordinances of said city, 1939, which provided for a fine of not less than $3 nor more than $100. The testimony of a witness for the City regarding appellant's speed was based in part upon the reading of what is referred to in the record as an "electric speed watch" or "electric timer."

The first point in appellant's brief is that the testimony of a witness for the City that the electric timer "told him" appellant was driving 40 miles an hour was hearsay, and was admitted without appellant's being confronted by a witness for cross-examination, evidently referring to the absence of the electric timer as a witness. Appellant cites Cottonseed Delinting Corp. v. Roberts Brothers, Inc., Mo., 218 S.W.2d 592, 594 [4, 5], and State ex rel. De Weese v. Morris, 359 Mo. 194, 221 S.W. 2d 206, 209 [5-7]. These citations relate to hearsay evidence, trial error, and do not involve a constitutional issue. Consult State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, 595 [6].

Appellant next contends, quoting "Point 2": "That the Court erred in depriving Appellant of right of cross-examination and confrontation of witness by permitting police to state what he read from Timer as true, all in violation of Art. 1, Sections 10 and 18(a) of the Constitution of Missouri, and the 6th Amendment of the Constitution of the United States." He cites no authority in support of this point and merely rewords the point in his argument.

We understand appellant to contend, the electric timer being inanimate and not capable of being cross-examined, he was deprived of his right of confrontation and cross-examination of witnesses against him within the provisions of Art. 1, § 18(a), Mo.Const., and the Sixth Amendment of the Federal Constitution, and, as a consequence, stands to be deprived of his property without due process of law in contravention of Art. 1, § 10, Mo.Const.

■ Appellant's reference to the Sixth Amendment of the Constitution of the United States is without merit, as that amendment applies to proceedings in a federal court and not to proceedings in a state court. State v. Merchant, Mo., 119 S.W.2d 303, 304 [1]; Barron, for Use of Tiernan v. Mayor and City Council of City of Baltimore, 7 Pet. 243, 32 U.S. 243, 8 L.Ed. 672.

■ The Missouri Constitution, Art. 1, § 18(a), provides: "That in criminal prosecutions the accused shall have the right to appear and defend, in person and by counsel; to demand the nature and cause of the accusation; to meet the witnesses against him face to face; to have process to compel the attendance of witnesses in his behalf; and a speedy public trial by an impartial jury of the county."

This and certain other constitutional provisions apply to crimes against the State, and do not apply by reason of any constitutional provision to proceedings by municipalities for violations of municipal police regulations. Ex parte Hollwedell, 74 Mo. 395, 400(2); Delaney v. Police Court, 167 Mo. 667, 677(IV), 67 S.W. 589, 591(4); Ex parte Lewis, 328 Mo. 843, 42 S.W.2d 21 [1, 5]; Town of Gower v. Agee, 128 Mo.App. 427, 107 S.W. 999, 1001 [2, 3]. Consult State v. Heath, 352 Mo. 1147, 181 S.W.2d 517, 518 [1–3]; In re Moynihan, 332 Mo. 1022, 62 S.W.2d 410, 413 [3], 91 A.L.R. 74.

■ Proceedings by municipalities against violators of ordinances are not prosecutions for crime in a constitutional sense. City of Marshall v. Standard, 24 Mo.App. 192, 196(I); State v. Muir, 164 Mo. 610, 615, 65 S.W. 285, 286; City of Clayton v. Nemours, 237 Mo.App. 167, 164 S.W.2d 935, 938[6]; Delaney v. Police Court, supra, among others. The cases hold they are civil actions to recover a debt or penalty due the city for the infraction of an ordinance. Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304,

308 [9, 10]; State v. Mills, 272 Mo. 526, 199 S.W. 131, 134 [4], and cases supra. When a defendant's acts violate an ordinance and also a state law, a proceeding against him under the one does not bar a subsequent proceeding against him under the other. State v. Muir, supra; State v. Jackson, Mo.App., 220 S.W.2d 779, 780 [2].

■ In Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 691, 113 S.W. 1108, 1110, we said in discussing whether a constitutional question involving the validity of a statute was before the court: "In cases involving the jurisdiction of this court, we have sedulously retained to ourselves the right to look within the shell of briefs, pleadings, and records to the kernel of the thing, to see if the jurisdictional question is of substance, and not merely colorable (Vanderberg v. Kansas City, Missouri, Gas Co., 199 Mo. 455, 97 S.W. 908, and cases cited); for to give life to a jurisdictional question it must be real, not colorable only. Doing so, we find there is no constitutional question raised and preserved. This holding ousts us of jurisdiction."

In Hartzler v. Metropolitan St. Ry. Co., 218 Mo. 562, 565, 117 S.W. 1124, 1125, we said: "A mere recitation is made in the brief of the clauses of the Constitution, state and federal, alleged to be violated. * * * The failure of counsel to reason the point (though well equipped to do so) is tantamount to an abandonment. By saying so much as that, we do not mean to rule that if we, *prima facie*, had jurisdiction, we would lose it by the mere abandonment of the point, for jurisdiction is not given or lost by mere consent. What we mean to say is that we feel invited to broadly infer that, by their refusal to reason the point, counsel concede it no point to reason." See also Little River Drainage District v. Houck, 282 Mo. 458, 461, 222 S.W. 384, 385[4]; Ashbrook v. Willis, 338 Mo. 226, 89 S.W.2d 659, 660.

**546**

We hold appellant's purported constitutional issues are without substance and only colorable. The record discloses he was accorded the right of cross-examination of witnesses on behalf of the City. He testified in his own behalf that his speedometer showed he was traveling 28 to 30 miles an hour. The issue appears to involve the credibility and weight of the testimony of the witnesses.

Finding no constitutional issue presented vesting this court with jurisdiction, the cause is transferred to the St. Louis Court of Appeals for determination of the other issues presented.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.