STATE of Missouri at the relation of Glen FOSTER, Appellant,

v.

Paul PRICE, Herbert Brooks, and Oscar Johnson, Judges of the County Court of Reynolds County, Missouri, and L. M. Hackworth, Clerk of the County Court of Reynolds County, Mo., Respondents.

No. 52061.

Supreme Court of Missouri, Division No. 2.

May 8, 1967.

Robert B. Baker, Ellington, Dorman L. Steelman, Salem, for relator-appellant.

William H. Bruce, Jr., Centerville, for respondents.

PRITCHARD, Commissioner.

The dispositive issue is whether the Supreme Court has appellate jurisdiction of this case.

Primarily, this is a suit challenging the validity of a stock law election in Reynolds County, Missouri. Relator, by way of a petition for a writ of certiorari filed in the Circuit Court, sought to there review the stock law petition on which respondent county judges acted to order the stock law election to be held on grounds "(1) Failure to allege that all of Reynolds County is included in the stock law petition"; and "(2) That it is not signed by more than one hundred householders in said county and that it was otherwise insufficient and void."

The trial court granted the petition for a writ of certiorari, and the entire records of the stock law election proceedings were brought up to the Circuit Court. Relator there requested permission to "introduce a very short bit of evidence to explain parts of this record." The trial court ruled that no further evidence would be received, other than the record which was brought up pursuant to the writ of certiorari, because counsel refused to disclose the nature of the evidence he wished to offer, or give a good reason to order the introduction of evidence.

Relator assigned as error in his amended motion for new trial that the refusal to allow him to adduce evidence in support of his contention that the petition was not signed by one hundred or more householders of the county thereby denied him a hearing on the issues involved and "deprived Relator of his rights and property without due process of law, contrary to Article I Section 10 of the Constitution for the State of Missouri and the 5th and 14th Amendments to the United States Constitution." A similar jurisdictional statement is made in relator's brief in this court. The allegation of error and the jurisdictional statement complaining of the court's *ruling* excluding offered evidence do not involve a construction of the due process clauses of the Missouri or federal constitutions within the provisions of Mo. Const.1945, Art. V, § 3, V.A.M.S. "The Missouri court had jurisdiction of defendant and if error occurred in the admission of evidence the instant charge does not establish that the ruling constituted a denial of constitutional rights rather than a mere error in ruling. 'Due process of law does not assure a litigant * * * against a judicial error in respect to the admission or exclusion of evidence.' O'Brien v. O'Brien, 294 Ky. 793, 172 S.W.2d 595, 609 [26, 27], and Federal cases there cited." State ex rel. Houser v. St. Louis Union Trust Co., Mo., 248 S.W.2d 592, 596. See also City of Webster Groves v. Quick, Mo., 319 S.W.2d 543, 544, and 16A C.J.S. Constitutional Law § 589, p. 649, § 621, p. 818.

The case is transferred to the Springfield Court of Appeals.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.